**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SHAWN RENE GRANTHAM,

      Plaintiff,

v.                                    No. CIV 16-51 CG

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court upon Shawn Rene Grantham's *Motion to Reverse and Remand for Rehearing with Supporting Memorandum* (the "Motion"), (Doc. 16), filed August 15, 2016; Defendant's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 18), filed October 14, 2016; and Plaintiffs *Reply in Support of Motion to Reverse or Remand Administrative Agency Decision* (the "Reply"), (Doc. 21), filed November 14, 2016.

On December 1, 2010, Mr. Grantham filed applications for disability insurance and supplemental security income benefits, alleging disability beginning February 1, 2009. (Administrative Record ("AR") 86-88). His applications were denied on August 11, 2011, (AR 109-112, 113-116), and also upon reconsideration on November 7, 2011. (AR 124-126, 127-130). Mr. Grantham filed his request for a hearing on November 30, 2011, (AR 131-132); and a hearing was held on April 15, 2014, before Administrative Law Judge ("ALJ") Barry O'Melinn. (AR 34-85). Mr. Grantham and Mary Diane Weber, an impartial vocational expert, testified at the hearing. (*Id.*). Mr. Grantham was

represented at the hearing by attorney James Rawley. (*Id.*).

The ALJ issued his opinion on July 25, 2014, finding that Mr. Grantham was not disabled. (AR 17-33). Mr. Grantham filed an application for review by the Appeals Council, which was summarily denied, (AR 1-6), making the decision of the ALJ the final decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal.

Mr. Grantham now argues, through new counsel, Michael Armstrong, that the ALJ committed reversible, legal error by: (1) failing to perform a function-by-function analysis of his work-related abilities; (2) rejecting Mr. Grantham's Outpatient Discharge Instructions; (3) failing to give adequate reasons for discounting an examining physician's opinion; and (4) formulating a credibility determination that is contrary to the substantial evidence in the record. (Doc. 16).

The Court has reviewed the Motion, the Response, the Reply, and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. Because the ALJ did not perform an appropriate function-by-function analysis, the Court orders that the Motion be **GRANTED** and the case **REMANDED** for further proceedings.

## I.  Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct

legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

For purposes of disability insurance benefits and supplemental security income, a person establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process ("SEP") has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; that (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, he will proceed to step five of the evaluation process. At step five the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1257.

## III. Background

Mr. Grantham initially applied for disability benefits and supplemental security

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

income alleging that he suffers from a rod in his leg and back pain. (AR 91).

At step one, the ALJ determined that Mr. Grantham met the insured status requirements through March 31, 2010, and found that he had not engaged in substantial gainful activity since February 1, 2009, the alleged onset date. (AR 22). At step two, the ALJ concluded that Mr. Grantham was severely impaired by his "status post reconstructive surgery of weight bearing joint in the lower left extremity; back, knee, and right elbow disorders; and obesity." (AR 22).

At step three, the ALJ considered whether Mr. Grantham's impairments satisfied or met any of the listed impairments. He determined that none of Mr. Grantham's impairments, solely or in combination, met or medically equaled any of the listed impairments in 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR 23–24).

The ALJ proceeded to step four. First, he analyzed Mr. Grantham's subjective complaints of his symptoms and the objective medical evidence in the record. (AR 23-27). The ALJ found that Mr. Grantham's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (AR 25). The ALJ discussed the medical records from the University of New Mexico Health ("UNMH") Sciences Center and x-rays. (AR 25-26). The ALJ also considered the reports and opinions of consultative examiner ("CE") Karl R. Moedl, M.D., and state agency medical consultant Eileen M. Brady, M.D. (AR 25-26).

The ALJ ultimately found that Mr. Grantham has the RFC to perform light work and can: (1) occasionally climb ramps and stairs; (2) never climb ladders, ropes, or scaffolds; (3) occasionally balance, kneel, crouch, and crawl; and (4) frequently stoop.

However, Mr. Grantham must avoid concentrated exposure to unprotected heights or hazardous machinery and cannot operate left foot controls. (AR 24). The ALJ also stated that Mr. Grantham "has limited ability to reach with the right upper extremity as he cannot fully extend or flex his right elbow." (AR 24). Finally, the ALJ determined that Mr. Grantham can: (1) understand, carry out, and remember simple instructions; (2) make commensurate work related decisions; (3) respond appropriately to supervision, coworkers, and work situations; (4) deal with routine changes in work settings, and (5) maintain concentration persistence and pace for up to and including 2 hours at a time with normal breaks throughout the day. (AR 24).

Next, the ALJ considered whether Mr. Grantham was capable of doing any of his past relevant work. (AR 27). The ALJ explained that Mr. Grantham's past relevant work includes the jobs of custodian/janitor, construction worker II/day laborer/helper, and order packer warehouse. (AR 27). Because these jobs are classified as medium to heavy work and Mr. Grantham is limited to light work, the ALJ found that Mr. Grantham is not capable of performing his past work. (AR 27).

At step five, the ALJ stated that, considering Mr. Grantham's age, education, work experience, and RFC, Mr. Grantham is capable of performing work as a cashier II, merchandise marker, routing clerk, addresser/office setting, telephone quotation clerk, and charge account clerk. (AR 28). Accordingly, he found that Mr. Grantham is not disabled under the Social Security Act from the alleged disability onset date, February 1, 2009, through the date of his decision. (AR 28).

## IV. Analysis

Mr. Grantham argues that the ALJ committed reversible, legal error by: (1) failing

to perform a function-by-function analysis of his work-related abilities; (2) rejecting Mr. Grantham's Outpatient Discharge Instructions; (3) failing to give adequate reasons for discounting an examining physician's opinion; and (4) formulating a credibility determination that is contrary to the substantial evidence in the record. (Doc. 16).

The Commissioner responds that the ALJ's RFC "adequately captured" Mr. Grantham's limitations in relation to lifting, standing, walking, and sitting. (Doc. 18 at 8, citing *Hendron v. Colvin*, 767 F.3d 951, 956-57 (10th Cir. 2014)). The Commissioner states that the ALJ relied on the VE testimony to find that Mr. Grantham could work. (Doc. 18 at 9). Additionally, the Commissioner maintains that the ALJ considered all of the evidence in the record. (Doc. 18 at 10-11). Finally, the Commissioner argues that the ALJ reasonably discounted Mr. Grantham's complaints as unsupported by the record. (Doc. 18 at 12-14).

### A.   *Function-By-Function Analysis*

Mr. Grantham argues that the ALJ failed to assess his work related abilities on a function-by-function basis. (Doc. 16 at 9). Mr. Grantham asserts this violates Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996), and constitutes reversible error. (Doc. 16 at 9). The Commissioner responds that the ALJ's RFC expressed Mr. Grantham's restrictions relating to lifting, standing, walking, and sitting; as well as Mr. Grantham's right arm limitations. (Doc. 18 at 8).

Social Security Ruling 96-8p provides that "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, 1996 WL 374184 at *3. At step four, "the RFC must not be expressed in terms of the exertional categories of 'sedentary,' 'light,'

7

'heavy,' and 'very heavy' work because the first consideration at this step is whether the individual can do past relevant work as he . . . actually performed it." *Id.* The concern underlying SSR 96-8p and the requirement that the RFC be a function-by-function assessment supported by a narrative discussion "is that, without a function-by-function analysis, an ALJ 'may . . . overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do.'" *Hendron v. Colvin*, 767 F.3d 951, 956 (10th Cir. 2014) (citing SSR 96-8p, 1996 WL 374184 at *4). Therefore, an individual's limitations with regard to sitting, standing, walking, lifting, carrying, pushing, and pulling ("exertional capacity") "must be considered separately." SSR 96-8p, 1996 WL 374184 at *5.

B.      *The ALJ's Function-by-Function Analysis of Mr. Grantham Exertional Capacity*

Here, as detailed above, the ALJ found that Mr. Grantham could perform light work, but that he was limited to only occasionally being able to climb ramps and stairs, balancing, kneeling, crouching, and crawling, and could never climb ladders, ropes, or scaffolds. (AR 24). The ALJ also determined that Mr. Grantham could not "operate left foot controls." (AR 24).

The ALJ did not perform a function-by-function analysis of Mr. Grantham's limitations with regard to his exertional capacity, but instead limited him to light work. Light work is defined as requiring "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Jobs that do not require lifting objects of this weight are also in this category if they "require[ ] a good deal of walking or standing, or when [they] involve[ ] sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* Jobs in this category require a

8

person to be able to stand or walk, off and on, for a total of 6 hours out of an 8 hour day. SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

At step 2, the ALJ found that Mr. Grantham was severely impaired by his "status post reconstructive surgery of weight bearing joint in the lower left extremity." (AR 22). In analyzing the medical evidence, the ALJ noted that Dr. Moedl described Mr. Grantham as having "[d]egenerative arthritis of the left knee with pain, deformity, limited motion, and weakness. Atrophy and severe weakness of the left quadriceps muscles, left thigh and left knee." (AR 25, citing AR 332). However, the ALJ did not state whether he took this diagnosis into consideration, only noting that he gave Dr. Moedl's opinion "partial weight" due to Dr. Moedl's opinion of Mr. Grantham's elbow limitations. (AR 25). Additionally, records from UNMH note that Mr. Grantham should not put any weight on his left leg. (AR 366). However, the ALJ does not address this limitation; instead he addressed only the note that Mr. Grantham should not lift anything heavier "until follow up." (AR 26, 366).

The Commissioner notes that the Tenth Circuit has held that the failure to perform a function-by-function analysis does not always demonstrate error. (Doc. 18 at 8, citing *Hendron v. Colvin* 767 F.3d at 956-57 (rejecting the Claimant's argument that the RFC was not "in the proper form" because the ALJ did not discuss each exertional limitation. The ALJ's failure to make a function-by-function finding was not "critical to the outcome of this case, and [Claimant] has not demonstrated error.")). However, in *Hendron*, the Tenth Circuit explicitly found that "the ALJ did not overlook [Claimant's] problems with sitting; he found that the evidence did not support any limitation on her ability to sit during the Relevant Time Period." *Hendron*, 767 F.3d at 957.

In this case, however, it is critical to determine Mr. Grantham's ability to stand given that the ALJ found that Mr. Grantham can perform light work. Additionally, it is not clear that the ALJ considered all of the evidence in the medical record regarding Mr. Grantham's leg injury. Without the function-by-function assessment, it appears that the ALJ might have "overlook[ed] limitations or restrictions that would narrow the ranges and types of work [Mr. Grantham] may be able to do," which is error. SSR 96-8p, 1996 WL 374184, at *4. Therefore, the Court will remand this case for the Commissioner to perform the appropriate function-by-function analysis.

      C.      *The ALJ's Determination of Mr. Grantham's Ability to Reach*

Mr. Grantham also objects to the ALJ's characterization of his ability to reach in the RFC. (Doc. 16 at 10-11). The ALJ found that Mr. Grantham "has limited ability to reach with the right upper extremity as he cannot fully extend or flex his right elbow." (AR 24). Mr. Grantham argues that this description does not "convey the degree of reaching and handling limitations." (Doc. 16 at 10) (emphasis in original omitted). The Commissioner argues that the ALJ clarified Mr. Grantham's reaching ability with the VE at the hearing and properly relied on the VE's testimony in formulating the RFC. (Doc. 18 at 9).

Reaching is considered a "nonexertional capacity" and must be expressed "in terms of work-related functions." SSR 96-6p, 1996 WL 374184, at *6. The ALJ's finding that Mr. Grantham "has a limited ability to reach" does not express his limitation "in terms of work-related functions." When questioning the VE, the ALJ clarified that the person "can't lock that elbow all the way out and can't bring it in more than a few degrees." (AR 69). However, it is unclear what type of limitation the ALJ is expressing in

the RFC. Indeed, each of the jobs identified by the VE and that the ALJ found Mr.

Grantham could perform requires frequent reaching. (*See* Doc. 18, Ex. 1). "[R]eaching

is 'required in almost all jobs' and a limitation in this regard 'may eliminate a large

number of occupations a person could otherwise do.'" *Saiz v. Barnhart*, 392 F.3d 397,

400 (10th Cir. 2004), quoting SSR 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985). Failing

to express Mr. Grantham's reaching limitation "in terms of work-related functions" was

error. Therefore, the Court will remand this case back to the Commissioner for her to

determine Mr. Grantham's reaching limitation.

### V. Conclusion

For the foregoing reasons, the Court concludes that the ALJ failed to perform an

appropriate function-by-function analysis. On remand, the ALJ should analyze all of the

evidence in the record and perform the analysis as directed by SSR 96-8p. The Court

does not decide any other issue raised by Mr. Grantham, as these matters are mooted

by the proceedings conducted or the disposition reached on remand.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reverse and Remand for

Rehearing with Supporting Memorandum*, (Doc. 16), be **GRANTED** and that this case

be **REMANDED** to the Commissioner for further proceedings.

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

11