# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SHAWN RENE GRANTHAM,

      Plaintiff,

v.                                                                              No. CIV 16-51 CG

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Plaintiff Shawn Rene Grantham's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support* (the "Motion"), (Doc. 25), filed February 21, 2017; Defendant Commissioner Nancy A. Berryhill's *Defendant's Response to Plaintiff's Motion for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act* (the "Response"), (Doc. 26), filed March 7, 2017; and Plaintiff's *Reply in Support of Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Reply"), (Doc. 29), filed March 31, 2017. Having reviewed the Motion, the Response, the Reply, and relevant law, the Court finds that Plaintiff's Motion should be **GRANTED**.

    **I.**    **Background**

On December 1, 2010, Mr. Grantham filed applications for disability insurance and supplemental security income benefits, alleging disability commencing on February 1, 2009. (Administrative Record ("AR") 86-88). His claim for benefits was initially denied and again upon reconsideration. (AR 109-112, 113-116, 124-126, 127-130). A request for a hearing was filed, (AR 131-132), and a hearing was held on April 15, 2014 before

Administrative Law Judge ("ALJ") Barry O'Melinn. (AR 34-85). The ALJ issued an unfavorable decision, (AR 17-33), and Mr. Grantham filed an application for review by the Appeals Council, which was denied. (AR 1-6).

Thereafter, Mr. Grantham appealed to this Court, arguing that the ALJ committed reversible, legal error by (1) failing to perform a function-by-function analysis of his work-related abilities; (2) rejecting Mr. Grantham's Outpatient Discharge Instructions; (3) failing to give adequate reasons for discounting an examining physician's opinion; and (4) formulating a credibility determination that is contrary to the substantial evidence in the record. (Doc. 16). Because the ALJ did not perform an appropriate function-by-function analysis, the Court remanded the case to the Commissioner of the Social Security Administration (the "Commissioner") for further proceedings in its *Memorandum Opinion and Order* (the "Order"). (Doc. 23).

Mr. Grantham now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 25). He argues that an award of fees is appropriate because he is the prevailing party, his net worth is less than $2,000,000, and the Commissioner's position in defending the action was not substantially justified. (Doc. 25 at 1).

The Commissioner responds that Mr. Grantham's request for fees under EAJA should be denied because her position in this case was substantially justified. (Doc. 26 at 1). Specifically, the Commissioner maintains that it was reasonable for the ALJ to incorporate the definition of light work into his residual functional capacity ("RFC") analysis, and it was reasonable for the Commissioner to argue that the ALJ incorporated standing and walking requirements in the RFC. (Doc. 26 at 4). Additionally,

2

the Commissioner contends that the vocational expert ("VE") clearly understood Mr. Grantham's limitations and incorporated them into her findings. (Doc. 26 at 5).

**II.   Analysis**

   A.  *Standard of Review*

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden*, 851 F.2d at 1267 (internal citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Human Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing

*Pierce*, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

### B. *The Commissioner's Position was not Substantially Justified*

The issue here is whether the Commissioner met her burden to show that she was substantially justified in failing to perform a function-by-function analysis. *Hartter v. Apfel*, No. 99-3095, 202 F.3d 282, *2 (10th Cir. Jan. 11, 2000) (unpublished). This Court finds that the Commissioner has not.

First, the Commissioner argues it was reasonable for the ALJ to incorporate the definition of light work into the RFC. (Doc. 26 at 4). The Commissioner states that it was reasonable for her to argue that the ALJ found that Mr. Grantham could stand and walk six hours, as the regulations define light work. (Doc. 26 at 4). Based on these arguments, the Commissioner maintains that the ALJ did not have to perform a function-by-function analysis. (Doc. 26 at 4). These are the same arguments as made in the underlying briefing.

As the Court explained in the Order, Social Security Ruling 96-8p provides that "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, 1996 WL 374184 at *3 (July 2, 1996). The concern underlying SSR 96-8p and the requirement that the RFC be a function-by-function assessment supported by a narrative discussion "is that, without a function-by-function analysis, an ALJ 'may . . . overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do.'" *Hendron v. Colvin*, 767 F.3d 951, 956 (10th Cir. 2014) (citing SSR 96-8p, at *4).

4

The Tenth Circuit has held that an ALJ's failure to perform a function-by-function analysis is not always error when an ALJ accounts for limitations. *Id.* at 956-57. However, the Court distinguished this case due to the medical record and Mr. Grantham's leg injury. (Doc. 23 at 10). The Court found that the ALJ noted the opinions of consultative examiner Karl R. Moedl, M.D., but the Court could not tell from the ALJ's opinion if the ALJ took Dr. Moedl's diagnosis into consideration. (Doc. 23 at 9). Because the ALJ did not perform a function-by-function assessment, the Court was unable to determine if he overlooked some of Mr. Grantham's limitations, which was error. (Doc. 23 at 10). The Commissioner has not offered a reasonable explanation for the ALJ's failure to perform a function-by-function analysis, and therefore has not shown that her position was substantially justified.

Second, the Commissioner argues that the ALJ clearly expressed Mr. Grantham's reaching restrictions and the VE identified three jobs based on the restrictions. (Doc. 26 at 5). The Commissioner admits that the ALJ's RFC did not express Mr. Grantham's reaching restrictions in terms of work-related function, but argues that the VE understood the restrictions as expressed by the ALJ. (Doc. 26 at 6). Further, the Commissioner states that Mr. Grantham injured his elbow as a child and was able to work with the impairment before his alleged period of disability. (Doc. 26 at 6-7).

In the Order, the Court explained that reaching is considered a "nonexertional capacity" and must be expressed "in terms of work-related functions." SSR 96-6p, 1996 WL 374184, at *6 (July 2, 1996). In his RFC, the ALJ found that Mr. Grantham "has a limited ability to reach." (AR 24). The Commissioner makes the same arguments in her

Response to this Motion as in the underlying briefing. However, the Court found that it was unclear what type of limitation the ALJ was expressing in the RFC; additionally, the jobs identified by the VE required frequent reaching. (Doc. 23 at 10-11). The ALJ did not express Mr. Grantham's reaching limitation "in terms of work-related functions," which was error. Because the Commissioner has not offered a reason why the ALJ did not correctly formulate the RFC, she has not shown that her position is substantially justified.

### III.     Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in the underlying agency action and the subsequent litigation. Accordingly, Mr. Grantham is entitled to an award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Mr. Grantham's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support*, (Doc. 25), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $6,637.44. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE